IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEXIS OBREAGON, (TDCJ #1540539) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:17-cv-2945 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Alexis Obreagon, a Texas state inmate, has filed a *pro se* petition for a federal writ of habeas corpus under 28 U.S.C. § 2254 to challenge a 2008 state-court conviction for aggravated kidnapping. The respondent has answered with a motion for summary judgment, arguing that the petition is barred by the governing one-year statute of limitations. (Docket Entry No. 8). Obreagon has filed a response. (Docket Entry No. 11). After considering the pleadings, the state-court records, and the applicable law, the Court concludes that Obreagon's claims are time-barred, dismisses his § 2254 petition, and, by separate order, enters final judgment. The reasons are explained below.

**I.   Background**

Obreagon is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division as the result of his conviction for aggravated kidnapping in Harris County

Cause Number 1130245. On November 18, 2008, following a jury trial, Obreagon was sentenced to a 60-year prison term.

On January 7, 2010, the Fourteenth Court of Appeals affirmed the trial court's judgment. *Obreagon v. State*, No. 14-08-01058-CR, 2010 WL 26538 (Tex. App.—Houston [14th Dist.] 2010) (mem. op.). After granting Obreagon leave to file an out-of-time petition for discretionary review, the Texas Court of Criminal Appeals refused his petition on September 11, 2013. *Obreagon v. State*, P.D.R. No. 0798-13. On January 13, 2014, the United States Supreme Court denied Obreagon's petition for a writ of certiorari. *Obreagon v. Texas*, No. 13-7169, 134 S. Ct. 929 (2014).

On January 8, 2015, Obreagon challenged his conviction further by filing a state application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. On January 25, 2017, the Court of Criminal Appeals denied the application, without a written order, on the findings made by the trial court. *Ex parte Obreagon*, Application No. WR-78,370-04.

In a federal petition filed on September 27, 2017, Obreagon now contends that he is entitled to relief from his conviction under 28 U.S.C. § 2254. He raises the following grounds for relief:

1. No evidence to support the conviction.

2. Actual innocence in that he was forced at gunpoint to participate in the offense.

3. No evidence to support a deadly weapon finding.

4. Trial court error where court failed to instruct jury regarding the release of the victim to a safe place.

5. Trial court error where court failed to rule on motion for appointment of new counsel.

6. Unconstitutional sentence.

7. Ineffective assistance of trial counsel.

(Docket Entry No. 1, at 6–8). The respondent moves for dismissal and argues that federal review is barred by the governing one-year statute of limitations.

## II. The Legal Standards

Summary judgment is proper when the record shows "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). In ordinary civil cases, a district court considering a motion for summary judgment must construe disputed facts in a light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor."). "As a general principle, Rule 56 of the Federal Rules of Civil Procedure, relating to summary judgment, applies with equal force in the context of habeas corpus cases." *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000). However, a court on summary judgment must view the evidence through "the prism of the substantive evidentiary burden." *Anderson*, 477 U.S. at 254. Congress, through AEDPA, has constricted both the nature and availability of habeas review. This Court applies general summary judgment standards to the extent they do not conflict

with the AEDPA. *See Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) ("[Rule 56] applies only to the extent that it does not conflict with the habeas rules."), *abrogated on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Obreagon is representing himself. Self-represented habeas petitions are construed liberally and are not held to the same stringent and rigorous standards as pleadings lawyers file. *See Martin v. Maxey*, 98 F.3d 844, 847 n.4 (5th Cir. 1996); *Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988); *Woodall v. Foti*, 648 F.2d 268, 271 (5th Cir. Unit A June 1981). This Court broadly interprets Obreagon's state and federal habeas petitions. *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).

### III. The One-Year Statute of Limitations

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), which provides that all federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). The statute provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially

4

> recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

As an initial matter, Obreagon does not allege facts showing that he was precluded from filing a timely federal habeas corpus petition as the result of state action and none of his claims rely upon a constitutional right that has been newly recognized by the Supreme Court and made retroactive to cases on collateral review. *See* 28 U.S.C. § 2244(d)(1)(B) – (C). Likewise, none of Obreagon's proposed claims implicate a factual predicate that could not have been discovered previously through the exercise of due diligence. *Id.*, § 2244(d)(1)(D).

Because Obreagon challenges a state-court conviction, the limitations period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*, § 2244(d)(1)(A). Obreagon's conviction became final on January 13, 2014, when the Supreme Court denied his petition for a writ of certorari. That date triggered the limitations period, which expired one year later on January 13, 2015. Obreagon did not file this federal petition until September 27,

5

2017. Therefore, review is barred by the statute of limitations unless a statutory or equitable exception applies.

Under 28 U.S.C. § 2244(d)(2), the time during which a "properly filed application for [s]tate post-conviction or other collateral review" is pending shall not be counted toward the limitations period. Obreagon's state habeas corpus application, filed on January 8, 2015, and denied on January 25, 2017, tolled the limitations period for 749 days. Consequently, Obreagon's federal habeas petition was due January 31, 2017, and the instant petition is untimely by more than seven months.

In his response to the motion for summary judgment, Obreagon contends that he is entitled to equitable tolling because his state writ application was pending in the trial court for over a year and the state habeas court failed to address all of his claims. (Docket Entry No. 1, at 10; Docket Entry No. 11, at 2). He reasons that he "should be equally entitled to the same amount of additional time" as the state habeas court employed. (Docket Entry No. 11, at 2). Contrary to Obreagon's assertions, the record does not disclose any basis to apply equitable tolling.

The decision to apply equitable tolling is left to the discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). To merit equitable tolling for purposes of AEDPA's statute of limitations, a petitioner must demonstrate "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace*

*v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). In general, equitable tolling is warranted only in situations where a petitioner is actively misled by the defendant or is prevented in some extraordinary way from asserting his rights. *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2000). "Neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 2009), *cert. denied*, 528 U.S. 1007 (1999). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

Nothing in the record suggests that the State misled Obreagon. Nor does Obreagon demonstrate that he diligently pursued relief. He waited until five days before the expiration of his limitations period to file his state habeas application. Following the state court's denial of his application, Obreagon then allowed more than seven months to pass before he filed the instant federal petition. Waiting to pursue one's claims is not sufficient to excuse a petitioner from the requirement to assert his claims in a timely manner. *Fisher*, 174 F.3d at 715 (citing *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989), for the proposition that "equity is not intended for those who sleep on their rights").

Finally, Obreagon contends that his failure to file a timely federal habeas petition should be excused because he has asserted a claim of actual innocence. (Docket Entry No. 11, at 4). Actual innocence, if proven, may excuse a failure to comply with the one-year statute of limitations on federal habeas corpus review. *See McQuiggin v. Perkins*, 569 U.S.

383 (2013). To make a tenable actual-innocence claim in this context, a habeas petitioner must present "new reliable evidence — whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see House v. Bell*, 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met). A petitioner must then show that it is more likely than not that, in light of the new evidence, no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327. In this context, newly-discovered evidence of a petitioner's actual innocence refers to factual innocence, not legal insufficiency. *Bousely v. United States*, 523 U.S. 614, 623–24 (1998).

Obreagon presents no newly-discovered evidence proving his actual innocence. In support of his claim, Obreagon maintains he is actually innocent because his co-defendant forced him at gunpoint to participate in committing aggravated kidnapping. (Docket Entry No. 1, at 6). This evidence was available at the time of trial and, indeed, Obreagon testified as to his co-defendant's use of a gun to threaten him. *See, e.g.,* Docket Entry No. 10-2, at 9, 12. Obreagon's assertion of actual innocence fails to meet the demanding *Schlup* standard and does not establish an exception to the statute of limitations.

The pleadings disclose no other basis to toll the limitations period. The Court is mindful of the effect a dismissal will have on Obreagon's ability to have his claims heard by a federal court. *See Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir. 2000). However, the Fifth Circuit has emphasized that the "strict one-year limitations period" imposed by

Congress for the filing of all habeas corpus petitions is "subject only to the narrowest of exceptions." *Fierro v. Cockrell*, 294 F.3d 674, 684 (5th Cir. 2002). Given Obreagon's apparent lack of diligence in this case, the Court concludes that his circumstances are not among those "rare and exceptional" conditions which warrant deviation from the express rules that Congress has provided. *See Felder*, 204 F.3d at 173. Accordingly, he is not entitled to equitable tolling, and his petition will be dismissed as untimely under 28 U.S.C. § 2244(d).

## IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases now requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. §2253(c)(1)). Where denial of relief is based on procedural grounds, the petitioner must show not only that

"jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Obreagon states a valid claim for relief. Therefore, a certificate of appealability will not issue.

V. **Conclusion and Order**

Therefore, based on the foregoing, the Court **ORDERS** as follows:

1. The respondent's motion for summary judgment, (Docket Entry No. 8), is **GRANTED**.

3. The habeas corpus petition filed by Alexis Obreagon, (Docket Entry No. 1), is **DISMISSED** with prejudice as time-barred.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on ___JUN 0 4 2018___.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE